

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Hayne Satterfield
Firemen's Pension Commissioner
P. O. Box 1062
Austin, Texas

Dear Mr. Satterfield:

Opinion No. O-4787

Re: Construction of H. B. No. 252, Ch. 125, Acts 45th Legislature, Regular Session, p. 229, with respect to the basis for contributions to State Firemen's Disability and Retirement Fund.

We beg to acknowledge receipt of your request for a legal opinion as follows:

"In the operation of the State Firemens' Disability and Retirement Act, Article 6243e, Revised Civil Statutes of Texas, this condition has arisen and we ask your opinion on the following points:

"1. Mr. A is a paid Fire Marshal of his city and as such receives a salary in excess of $80.00 per month. The fire department of his city is a partly paid one; some members of which are wholly paid and some members are volunteer. Mr. A is also a volunteer fireman.

"(a) Should he pay into the Fund on the basis of a volunteer fireman or as a paid fireman?

"2. Mr. B is a paid fireman on a partly paid and partly volunteer fire department. He receives a salary of $100 per month as a paid fireman and in addition to this salary he lives in the fire station with his family and pays no rent.

Honorable H. Bayne Satterfield - page 2

"(a)  Should he pay into the Fund on
the basis of $100 per month or should
he pay into the Fund on the basis of
the $100 per month plus house rent?

"(b)  If he should pay into the Fund
on the basis of both salary and house
rent, how should the local Board ar-
rive at the amount of the house rent?"

You have orally advised that your reference to
Article 8243e, Revised Civil Statutes of Texas, is in error
and that H. B. No. 258, of the Regular Session of the 45th
Legislature is the Act involved in your inquiry.

The answer to your inquiries is determined by the
construction to be placed upon Section 10 of H. B. 258, the
pertinent portion of which Section is as follows:

"Within sixty (60) days after this Act takes
effect each fully paid fireman and each part paid
fireman whose salary or compensation is Fifty Dol-
lars ($50) or more per month and each part paid
fireman whose salary or compensation is less than
Fifty Dollars ($50) per month and each active vol-
unteer fireman in the employ of any such city or
town or enrolled in the fire department of any
such city or town, who desires himself or his
beneficiaries, as hereinafter named, to partici-
pate in such Fund or the benefits therefrom as
by this Act provided, shall file with the Secre-
tary-Treasurer of the Board of Firemen's Relief
and Retirement Fund Trustees of that city or
town a statement in writing under oath that he
desires to participate in the benefits from such
Fund, giving the name and relationship of his
then actual dependents and shall therein author-
ize said city or town or the governing body there-
of to deduct not less than one per centum nor
more than three (3) per centum, the exact amount
thereof to be determined by the vote of the fire
department of which such person is a member, from
his salary or compensation if a wholly paid or
part paid fireman whose salary or compensation
is more than Fifty Dollars ($50) per month, but
if a part paid fireman whose salary is less than

811

Fifty Dollars ($50) per month, or if a volunteer fireman, the statement shall include a promise and an obligation to pay to said Board of Trustees not less than Three Dollars ($3) nor more than Five Dollars ($5) per annum to be paid semi-annually, the exact amount thereof to be likewise determined by vote of the fire department of which such person is a member.  Such money so deducted from salaries or compensation or agreed to be paid to become and form a part of the Fund herein designated and established as Firemen's Relief and Retirement Fund of that city or town. • • •."

Article 1069, of the Revised Civil Statutes, provides for the setup of "The Fire Department" of municipalities.  It is as follows:

"The city council may procure fire engines and other apparatus for the extinguishment of fires, and have control thereof, and provide engine houses for preserving the same; and shall have power to organize fire, hook and ladder, hose and ax companies and fire brigades.  The companies so organized, the chief engineer and such assistant engineers as may be provided for, shall constitute the fire department.  Each company may elect its own members and officers.  The engineers shall be chosen as said department may determine, subject to the approval of the city council, who shall define the duties of said officers and pass such ordinances as they may deem proper for the welfare of said department.  All officers so elected and approved shall be commissioned by the mayor.  Said companies may adopt their own constitution and by-laws, not inconsistent with this title or the city ordinances.  Said department shall take the care and management of the engines and other implements and apparatus provided and used for fighting fire, and their powers and duties shall be prescribed and defined by the city council."

Our construction of these pertinent statutes impels us to answer your questions as follows:

1. The Fire Marshal of a city is, of course, a part of the Fire Department, but he is not necessarily a fireman. You state that the Fire Marshal is also a volunteer fireman, which statement implies that he is not a fireman of that particular city in virtue of his duties as Fire Marshal. The duties of the officers of the Fire Department are to be defined by the Council, and upon the particular ordinance, therefore, depends the question of whether or not the Fire Marshal is a fireman in the department as well. Assuming, therefore, that the City Fire Marshal involved in your question is only a fireman by virtue of his being a volunteer, obviously the answer to your question is that he should pay into the fund on the basis of a volunteer fireman, and not as a paid fireman.

We are not to be taken as answering in any wise what would be the basis if the Fire Marshal as such, and who is paid a compensation as such, is likewise by virtue of his duties prescribed by the city ordinance made a fireman. That question is not presented.

2. Fireman B, who receives a salary of $100.00 per month as a paid fireman, and in addition is permitted to live in the fire station with his family without payment of rent, should contribute to the fund upon the basis of his full compensation -- salary, plus rent -- and the local Board should determine the amount according to the fair and reasonable rental value of the quarters supplied to the fireman. This is a fact inquiry by the Board to be determined upon pertinent evidence to be heard and considered by it.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED SEP 5, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN